IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 03-1531 DFL GGH |
| ) | |
| JAMES O. MOLEN & SANDRA L. MOLEN, ) | |
| d/b/a TOUCH OF CLASS FLORIST, ) | |
| ) | |
| Defendants. ) | |

ORDER OF PERMANENT INJUNCTION

Upon motion by plaintiff, the United States of America, the court makes the following

findings of fact and conclusions of law and enters this permanent injunction:

**Findings of Fact**

Based on the evidence and the parties' arguments, the court finds as follows:

1.  Defendants James O. Molen and Sandra L. Molen, doing business as Touch of Class

Florist, routinely employ several people and pay them wages and other compensation.

2.  As employers, the Molens must file quarterly IRS Form 941 federal employment tax

returns reporting employee wages and their employment tax liability, file yearly IRS Form 940

federal unemployment tax returns reporting unemployment tax liability, and must withhold

income and FICA (Federal Income Contribution Act) taxes from employees' wages and pay

those taxes to the IRS.

3.  The Molens are failing to report any liability for federal FICA taxes on their quarterly

IRS Forms 941.  The Molens are failing to withhold and pay over FICA taxes owed.  The Molens

are not fully reporting or paying over their unemployment tax liabilities.

4.  The Molens have submitted false amended Forms 941 for all four quarters of 2004 and

2005, incorrectly reporting that they have paid no wages subject to social security or medicare

taxes.

1        5.  The Molens are not submitting their required IRS Forms 940 and 941 by the required

2    deadlines.  The Molens are not making timely Form 941 tax deposits.

3        6.  The Molens provide their employees false IRS Forms W-2 and fail to report social

4    security and Medicare wages and taxes.

5        7.  The Molens' base their refusal to meet these legal obligations on the patently

6    frivolous arguments that: (1) the compensation they pay employees do not constitute wages; and

7    (2) federal courts cannot enforce federal tax laws outside of the District of Columbia.  Both

8    arguments have been rejected by numerous courts.  See, e.g., United States v. Cooper, 170 F.3d

9    691, 691 (7th Cir. 1999) (finding "no longer merely frivolous" but "frivolous squared" arguments

10   by tax protesters that "only residents of Washington, D.C., and other federal enclaves are subject

11   to the federal tax laws because they alone are citizens of the United States and that wages are not

12   income because they are compensation for working rather than a pure economic rent"); United

13   States v. Collins, 920 F.2d 619, 629 (10th Cir. 199) (finding "silly" and "frivolous" defendant's

14   argument that the United States District Court for the Western District of Oklahoma did not have

15   jurisdiction to enforce federal tax laws and that federal jurisdiction only extended to the District

16   of Columbia, United States territorial possessions, and ceded territories).

17       8.  The Molens have accrued a total outstanding employment tax liability of

18   $142,458.96.[1]

19       9.  The "International Bill of Exchange" that the Molens submitted to the IRS in July

20   2005 in purported payment of taxes does not constitute valid legal tender and does not decrease

21   the Molens' tax liability as they claimed.

22                                **Conclusions of Law**

23   _____

24       [1] The $142,458.96 includes the Molens' Form 941 liability of $133,224.95 for the years 2000 through
     2004, including interest and penalties accruing through May 8, 2006, *see* IRS Transcripts (Doc. 97, 4th Delao
25   Decl., Ex. 4), the Molens' Form 941 liability of $3,720.89 for 2005 and the first two quarters of 2006,
     including interest and penalties accruing through September 4, 2006, *see* IRS Transcripts (Doc. 111,
26   Supplemental Br. in Supp. of Summ. J., Ex. 3), and the Molens' Form 940 liability of $5,513.12 for 2000
     through 2005, including interest and penalties accruing through September 4, 2006, *see* IRS Transcripts
27   (Docs. 97 and 111).  The total liability includes the $30,698.03 erroneous refund the IRS issued in 2000 after
     the Molens filed false amended IRS Forms 941 for the years 1997 through 1999.

28                                      - 2 -

1    The court finds that the Molens are interfering with the administration of the internal

2    revenue laws.  They are currently violating numerous internal revenue laws by: a) failing to

3    withhold Social Security and Medicare taxes, which together constitute FICA taxes, from their

4    employees' wages as required by I.R.C. § 3102, b) failing to pay the employer's share of FICA

5    taxes as required by I.R.C. § 3111, c) failing to fully pay FUTA (Federal Unemployment Tax

6    Act) taxes due pursuant to I.R.C. § 3301, d) failing to file accurate IRS Forms 941 and 940 as

7    required by I.R.C. § 6011, e) and failing to file accurate W-2 wage and tax information

8    statements for each employee and to issue each employee a copy of his or her statement as

9    required by I.R.C. § 6041.  They have violated I.R.C. § 3402 in past years by failing to withhold

10   income taxes from employees' wages.  The United States has suffered harm from the Molens'

11   continuously accruing tax debt, and is likely to suffer irreparable harm if the Molens are not

12   enjoined now.  Further, the Molens' employees are also harmed and placed at risk by the Molens'

13   failures to comply with the tax laws and their legal obligations as employers.  Accordingly, the

14   court finds that a permanent injunction under I.R.C. § 7402(a) is necessary and appropriate for

15   the enforcement of the internal revenue laws.  The Molens' misconduct also harms their

16   employees.

**Order**

18   A.  The court ORDERS that the Molens (individually and doing business as Touch of

19   Class Florist or under any other business name or using any other entity) and their

20   representatives, agents, servants, employees, attorneys, and anyone in active concert or

21   participation with them, are enjoined from failing to timely withhold and pay over to the IRS all

22   FICA taxes required by law, including taxes for social security and medicare, pursuant to I.R.C.

23   §§ 3102 and 3111.

24   B.  The court ORDERS that the Molens (individually and doing business as Touch of

25   Class Florist or under any other business name or using any other entity) and their

26   representatives, agents, servants, employees, attorneys, and anyone in active concert or

1   participation with them, are enjoined from failing to timely pay to the IRS all FUTA taxes

2   required by law, pursuant to I.R.C. § 3301.

3        C.   The court ORDERS that the Molens (individually and doing business as Touch of

4   Class Florist or under any other business name or using any other entity) and their

5   representatives, agents, servants, employees, attorneys, and anyone in active concert or

6   participation with them, are enjoined from failing to file accurate and timely IRS Forms 941 and

7   940 returns reporting applicable social security and medicare wages and taxes, as required by

8   law, pursuant to I.R.C. § 6011.

9        D.   The court ORDERS that the Molens (individually and doing business as Touch of

10  Class Florist or under any other business name or using any other entity) and their

11  representatives, agents, servants, employees, attorneys, and anyone in active concert or

12  participation with them, are enjoined from failing to file accurate Form W-2 wage and tax

13  information statements for each employee, including accurate social security and medicare

14  wages, and to issue each employee an accurate copy of his or her statement as required by I.R.C.

15  § 6041.

16       E.   The court ORDERS that the Molens file timely federal employment and

17  unemployment tax returns, IRS Forms 940 and 941, with the IRS and, for a period of two years,

18  send copies of such returns to counsel for the United States at the same time that they file the

19  originals.

20       F.   The court ORDERS that, along with their quarterly Forms 941, the Molens send an

21  updated list of current employees, their addresses, and their social security numbers to the IRS

22  office at 1395 Ridgewood Drive, Suite 200, Chico, California 95973.  If there is no change in the

23  identity of their employees in any quarter, the Molens shall submit a statement so stating.

24       G.   The court ORDERS that the Molens provide all current and future employees, and

25  anyone else who provides service for compensation at Touch of Class Florist, IRS Forms W-4 to

26  elect the amount of income and FICA taxes withheld from their wages.  The Molens are

27

28                                          - 4 -

1  ORDERED to comply with any proper elections made on the IRS Forms W-4 when withholding

2  income and FICA tax from employee wages or compensation.

3          H.  The court ORDERS that, effective immediately, within five days of each Touch of

4  Class payroll the Molens make all required employment tax deposits with their bank.

5          I. The court ORDERS that the Molens comply with the IRS summons issued to them on

6  June 27, 2005, and otherwise provide all requested documents and testimony regarding their

7  current income, assets, and liabilities for the IRS to prepare a collection information statement.

8  The Molens are specifically ORDERED to provide documents and testimony regarding James

9  Orbin Molen LTD., James Orbin Molen Limited Partnership, or any other entity in which they

10 have any interest.

11         J.  The Molens are ORDERED to meet with IRS revenue officer Charles Delao, or

12 another designated representative of the IRS, within thirty (30) days of this order to produce the

13 documents and testimony described above.  If the Molens are unable to travel to the IRS office in

14 Chico, California, they must appear and make their records available at another convenient

15 location.

16         K.  The court retains jurisdiction over defendants and this action for the purpose of

17 enforcing this Permanent Injunction.

18         L.  This injunction shall remain in effect for a period of five years.  The five-year period

19 is without prejudice to the Government's right to move to extend the period or to seek another

20 injunction.

21         IT IS SO ORDERED.

22

23 Dated: 10/11/2006

24

25

26         _____
           DAVID F. LEVI
27         United States District Judge

28                                                         - 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28