**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JAMES O. MOLEN, and SANDRA L. MOLEN, d/b/a TOUCH OF CLASS, FLORIST,<br><br>　　　　　Defendants. | No. 2:03-CV-01531-RRB-GGH PS<br><br>**ORDER HOLDING DEFENDANTS IN CONTEMPT** |

**I.　Introduction**

　　　This matter is before the Court on the motion of the United States to hold Defendants James O. Molen and Sandra L. Molen ("Defendants") in civil contempt for their willful failure to comply with several terms of the permanent injunction entered by the Court on October 12, 2006 (Docket 121).

**II.　FINDINGS OF FACT**

　　　1.　On July 21, 2003, the United States filed suit seeking entry of a permanent injunction against Defendants for their failure to comply with the internal revenue laws (Docket 1).

ORDER HOLDING DEFENDANTS IN CONTEMPT - 1
2:03-CV-01531-RRB-GGH

2. On December 12, 2003, the Court issued a preliminary injunction requiring Defendants to comply with certain provisions of the internal revenue laws (Docket 42).

3. On June 29, 2006, the United States moved for summary judgment, arguing that Defendants were continuing to file false employment tax returns, despite the preliminary injunction, and requested entry of a permanent injunction (Docket 94). The Court held a hearing on August 10, 2006, on the matter and entered a Permanent Injunction on October 12, 2006 (Docket 121).

4. In entering the injunction, the Court found that Defendants had accrued a tax debt of $142,458.96 since 1997, including interest accruing through September 4, 2006. The Court ordered Defendants to fully comply with the tax payment and withholding requirements of Internal Revenue Code §§ 3101, 3102, 3111, 3301, 3402, 6011, and 6041.

5. The Court also ordered that:

E. Defendants for a period of two years, send copies of their IRS Forms 940 and 941 to counsel for the United States at the same time that they file the originals.

F. along with their quarterly Forms 941, Defendants send an updated list of current employees to the IRS office at 1395 Ridgewood Drive, Suite 200, Chico, California 95973. If there is no change in the identity of their employees in any quarter, Defendants shall submit a statement so stating.

ORDER HOLDING DEFENDANTS IN CONTEMPT - 2
2:03-CV-01531-RRB-GGH

I.   Defendants comply with the IRS summons issued to them on June 27, 2005, and otherwise provide all requested documents and testimony regarding their current income, assets, and liabilities for the IRS to prepare a collection information statement.  Defendants are specifically ordered to provide documents and testimony regarding James Orbin Molen LTD., James Orbin Molen Limited Partnership, or any other entity in which they have any interest.

J.   Defendants meet with IRS revenue officer Charles Delao, or another designated representative of the IRS, within thirty (30) days of this order to produce the documents and testimony described above.

6.   Defendants have failed to comply with several provisions of the Permanent Injunction.  Defendants have <u>not</u> sent copies of their employment tax returns to counsel for the United States, they have <u>not</u> sent lists of their employees to the IRS on a quarterly basis, they have <u>not</u> complied with the IRS summons issued to them on June 27, 2005, and they have <u>not</u> met with the IRS to produce the required documents and testimony, including documents and testimony regarding James Orbin Molen LTD., James Orbin Molen Limited Partnership, or any other entity in which they have any interest.

/ / /

/ / /

/ / /

ORDER HOLDING DEFENDANTS IN CONTEMPT - 3
2:03-CV-01531-RRB-GGH

**III. CONCLUSIONS OF LAW**

The Court can hold a party in civil contempt upon a finding by clear and convincing evidence that the contemnor has violated a specific and definite court order.[1]

The United States has shown by clear and convincing evidence that Defendants are in civil contempt. Defendants were served with the permanent injunction which sets forth specific terms with which they are required to comply. Defendants have failed to comply with paragraphs E, F, I, and J of the permanent injunction by failing to send copies of their employment tax returns to counsel for the United States, failing to send lists of their employees to the IRS on a quarterly basis, failing to comply with the IRS summons issued to them on June 27, 2005, and failing to meet with the IRS to produce the required documents and testimony, including documents and testimony regarding James Orbin Molen LTD., James Orbin Molen Limited Partnership, or any other businesses they own.

The district courts have broad discretion to fashion a remedy for civil contempt.[2] The Court finds that the remedy requested by the United States is appropriate and warranted based

---

[1] Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466 (9th Cir. 1989); Peterson v. Highland Music, Inc., 140 F.3d 1313, 1323 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992).

[2] U.S. v. United Mine Workers of America, 330 U.S. 258, 304 (1947).

ORDER HOLDING DEFENDANTS IN CONTEMPT - 4
2:03-CV-01531-RRB-GGH

on Defendants' continued contempt.  Further, the Court finds that because Defendants already have significant outstanding federal tax liabilities that they have refused to pay, it is unlikely that monetary sanctions would coerce their compliance with the Permanent Injunction.

**IV. CONCLUSION**

Accordingly, the Court **ORDERS** as follows:

1. Defendants will appear at the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814 on **January 10, 2008 at 10:00 a.m.** before the Hon. Gregory G. Hollows, Magistrate Judge in Courtroom #24, 8th Floor., to provide documents and testimony to a representative of the Internal Revenue Service and/or United States as set forth below.

2. Defendants shall produce all documents necessary to complete the attached IRS Form 433 (Collection Information Statement), including the following documents concerning either Defendant individually, Touch of Class Florist, James Orbin Molen LTD., James Orbin Molen Limited Partnership:

    a. records of any bank accounts they hold on behalf of themselves individually or any entities in which they have held an interest since the issuance of the permanent injunction; and

    b. records of any interests they hold in any vehicles, real estate, or other tangible assets; and

         c.   records of any interests they hold in any stocks, bonds, funds, certificates, pensions, retirement accounts, annuities, or any other intangible assets; and

         d.   records of any mortgages, loans, encumbrances, or any other liabilities; and

         e.   checks, bills, invoices, or any other documents received by Defendants since the issuance of the permanent injunction; and

         f.   the general ledger, check registry, accounting statements, or any other records regarding the income and expenses of Touch of Class, or any other business or entity in which Defendants own an interest; and

         g.   pay stubs, checks, IOUs, accounts receivable, or any other records of payments made to, or owed to Defendants since the issuance of the permanent injunction; and

         h.   credit card and/or debit card statements for any account for which Defendants have had access, since the issuance of the permanent injunction; and

         i.   all of the above-listed documents as they relate to Touch of Class Florist, James Orbin Molen LTD., James Orbin Molen Limited Partnership, or any other entity in which Defendants hold any interest.

    3.   Defendants shall produce a list of all employees or persons who have provided any service to Touch of Class Florists, or any other business or entity they operate or own, since the

ORDER HOLDING DEFENDANTS IN CONTEMPT - 6
2:03-CV-01531-RRB-GGH

entry of the Permanent Injunction. Such list shall include the names, social security numbers, and addresses of all persons.

4. Defendants shall produce detailed testimony of all of their sources of current and future income not encompassed in paragraph 2 above, including any sources of income for which they have provided no record.

5. Defendants shall provide testimony to a representative of the Internal Revenue Service or the United States on all matters relevant to the collection of their outstanding tax liabilities.

6. If Defendants fail to comply with any of the above-listed provisions, the Court will immediately issue a bench warrant for the arrest of Defendant James O. Molen, and order that he be immediately remitted to the custody of the United States Marshals Service pending his compliance with the provisions above. The United States will immediately notify the Court of any noncompliance with the above provisions.

7. Defendants are dutifully reminded that they have the right to retain counsel; and, given the severity of the issues before the Court, that it may be in their best interests to do so.

**IT IS SO ORDERED.**

**ENTERED** this 4th day of December, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

ORDER HOLDING DEFENDANTS IN CONTEMPT - 7
2:03-CV-01531-RRB-GGH